# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

NEXT-CHEMX CORPORATION, a )
Delaware Corporation, )
                                                   )
            Plaintiff, )
                                                   )
            v. )  C.A. No. N26C-01-116 PAW CCLD
                                                   )
SPARKIE PROPERTIES LLC, a )
Delaware Limited Liability Company, )
and GLENN A. LITTLE, an individual, )
                                                   )
            Defendants. )

## ORDER DISMISSING ACTION UNDER RULE 12(B)(3)

WHEREAS:

A.     In this action, plaintiff NEXT-ChemX Corporation (DE)[1] ("Plaintiff" or "NEXT-ChemX Delaware") seeks an order declaring that, first, a Texas court judgment is not entitled to full faith and credit and, second, Plaintiff is the rightful owner of shares in a Nevada corporation that the Texas court ordered be turned over to satisfy the judgment.[2]

---

[1] Although the case caption lists the plaintiff as "NEXT-ChemX Corporation," the parties in briefing refer to the plaintiff as "NEXT-ChemX Corporation (DE)" before using abbreviations. *See* D.I. 9 at 1 & n.1; D.I. 16 at 1.

[2] *See* D.I. 1 (hereinafter "Compl.") ¶¶ 15-16, 32-33.

B.     NextMetals Limited ("NextMetals") owned a majority interest in NEXT-ChemX Corporation, a Texas corporation ("NEXT-ChemX Texas").[3]  A form filed with the United States Securities and Exchange Commission ("SEC") disclosed that NEXT-ChemX Texas was the controlling shareholder of NEXT-ChemX Corporation, a Nevada corporation ("NEXT-ChemX Nevada").[4]  Benton Wilcoxon was CEO of NextMetals.[5]  He was also CEO and chairman of the board of NEXT-ChemX Texas and, according to a form filed with the SEC, CEO and a director of NEXT-ChemX Nevada.[6]

C.     Defendant Sparkie Properties LLC ("Sparkie") is the holder of promissory notes issued to NextMetals, certain of which are guaranteed by

---

[3] *See* Compl. at p. 1 & ¶ 12.  The Court accepts the facts pled in the complaint as true solely for purposes of the present motion to dismiss.  To the extent the Court considers evidence outside of the pleadings, it does so only in addressing the motion under Rule 12(b)(3).  *See Sylebra Cap. P'rs Master Fund, Ltd. v. Perelman*, 2020 WL 5989473, at *9 (Del. Ch. Oct. 9, 2020) ("[W]hen addressing a motion under Rule 12(b)(3), 'the court is not shackled to the plaintiff's complaint and is permitted to consider extrinsic evidence from the outset.'" (quoting *In re Bay Hills Emerging P'rs I, L.P.*, 2018 WL 3217650, at *4 (Del. Ch. July 2, 2018))).

[4] *See* Ex. E; *see also* Compl. ¶ 30 (alleging an SEC form disclosed that NEXT-ChemX Texas owned 23,844,448 common shares of NEXT-ChemX Nevada).  "Ex. [letter]" refers to exhibits attached to the Transmittal Affidavit of John G. Day in Support of Defendants' Opening Brief in Support of Their Motion to Dismiss the Verified Complaint.  *See* D.I. 13.

[5] Compl. ¶ 3.

[6] *See* Compl. ¶ 24; Ex. E.

Wilcoxon.[7]  In December 2021, Sparkie filed an action in the District Court of Midland County, Texas against NextMetals and Wilcoxon for collection on the notes (the "Texas Action").[8]  In September 2022, the Texas court entered a default judgment against NextMetals and Wilcoxon.[9]

D.     To satisfy the judgment, in December 2022, the Texas court entered an order directing NEXT-ChemX Nevada's transfer agent to turn over NEXT-ChemX Nevada stock owned by NEXT-ChemX Texas to Sparkie.[10]  After Wilcoxon and NextMetals filed a petition alleging the Texas court lacked personal jurisdiction over them and ChemX Texas filed a petition in intervention in the Texas Action, the court entered a second turnover order on June 13, 2023.[11]  The second turnover order, among other things, directed NEXT-ChemX Texas to turn over shares of NEXT-ChemX Nevada stock to Sparkie.[12]

E.     Plaintiff alleges that, "[o]n June 16, 2023, the board of directors of NEXT-ChemX [Texas] passed a resolution transferring [a controlling block of shares of common stock it held in NEXT-ChemX Nevada] to a new Delaware

---

[7] Compl. ¶ 17.

[8] *Id.* ¶ 28.

[9] *Id.* ¶ 32; Ex. G.

[10] *See* Compl. ¶ 33; Ex. H.

[11] *See* Compl. ¶ 36-37; Exs. I, L.

[12] *See* Ex. L at 2.

3

entity."[13] Plaintiff further alleges that, on June 20, 2023, "NEXT-ChemX [Delaware] was incorporated in Delaware and the [same controlling block of shares in NEXT-ChemX Nevada] were transferred to it."[14] There is no indication in the record in this action that NextMetals, Wilcoxon, or NEXT-ChemX Texas informed the Texas court of this transfer.

F. In December 2023, the Texas court entered an order appointing Sparkie's manager, defendant Glenn A. Little (with Sparkie, "Defendants"), to serve as Receiver of Wilcoxon's estate for purposes of satisfying the judgment.[15] In April 2024, the court entered a third turnover order, which directed that "Empire Stock Transfer, and any subsequent stock transfer agent for NEXT-ChemX [Nevada]" issue certificates for 15,866,096 shares of NEXT-ChemX Nevada common stock in the name of "NEXT-ChemX Corporation, a Texas corporation[,] Glenn A. Little, as Director and Receiver."[16]

G. Plaintiff alleges that, "[o]n March 9, 2024, NEXT-ChemX [Texas] was abandoned with the filing of a Certificate of Merger in Delaware, merging NEXT-ChemX [Texas] with and into NEXT-ChemX [Delaware]."[17] There is no indication

---

[13] Compl. ¶ 38.

[14] *Id.* ¶ 39.

[15] *See id.* ¶ 40; Ex. N.

[16] *See* Ex. Q at 2-3.

[17] Compl. ¶ 44.

in the record in this action that NextMetals, Wilcoxon, or NEXT-ChemX Texas informed the Texas court of this merger.

H.     In August 2024, the Texas court issued an Order Granting Motion to Sell Shares of Stock.[18] That order indicated that "Empire Stock Transfer issued" the certificates for the 15,866,096 shares addressed by the third transfer order.[19] It further ordered the Midland County, Texas Sheriff's Office to levy and sell those shares at a public auction with application of the proceeds from sale released to Sparkie in satisfaction of a portion of the judgment.[20] A Bill of Sale signed by the Sheriff of Midland County states that the stock certificates issued by Empire Stock Transfer were sold to Sparkie as the highest bidder at public auction.[21]

I.     On October 15, 2025, Plaintiff filed its complaint in this action.[22] The complaint seeks a declaratory judgment that (i) the Texas court's judgment "is not entitled to full faith and credit and is unenforceable in Delaware" and (ii) Plaintiff is "the rightful owner of the [s]hares" the Texas court ordered be turned over to Sparkie.[23] According to the complaint, the Texas court "lacked personal jurisdiction

---

[18] *See* Ex. R.

[19] *See id.* at 1.

[20] *See id.* at 1-2.

[21] *See* Ex. S.

[22] *See generally* Compl. Plaintiff initially filed this action in the Court of Chancery, but it was transferred to this Court by stipulation of the parties. *See* D.I. 12.

[23] *See* Compl. ¶ 15; *see also id.*, Prayer for Relief ¶¶ A-B.

over NextMetals . . . and Mr. Wilcoxon because Sparkie failed to serve either of them" with the Texas Action complaint.[24]  "Under Texas law," Plaintiff alleges, "without proper service of process, a Texas court cannot render a judgment against a defendant, as this would violate due process requirements."[25]  Because "NextMetals . . . and Mr. Wilcoxon were not served, did not accept or waive service, and did not make an appearance in the Texas Action before the Texas Court entered" judgment, the complaint alleges, the Texas court's judgment "is not entitled to full faith and credit and is unenforceable in Delaware."[26]

J.    Defendants moved to dismiss on November 4, 2025 (the "Motion to Dismiss"), and filed their opening brief in support of the Motion to Dismiss on November 21, 2025.[27]  In their opening brief, Defendants argued, among other things, that the Court should dismiss this action under the doctrine of *forum non conveniens*, which proceeds under Superior Court Civil Rule 12(b)(3).[28]

---

[24] *See id.* ¶ 5.

[25] *See id.* ¶ 6.

[26] *See id.* ¶¶ 7-8.

[27] *See* D.I. 6; D.I. 9.

[28] *See* D.I. 9 at 19-21.  Between Defendants' opening brief and Plaintiff's answering brief, the Court of Appeals of Texas issued an opinion affirming the Texas trial court's first two turnover orders and order appointing a receiver.  *See generally Wilcoxon v. Sparkie Props. LLC*, 2025 WL 3767949 (Tex. App. Dec. 31, 2025).  In affirming, the appellate court addressed an argument by Wilcoxon that the trial court lacked personal jurisdiction over him because he was not properly served.  *See id.* at \*2, \*4.  It held that Wilcoxon failed to timely appeal the first two turnover orders

K. On January 28, 2026, Plaintiff filed its answering brief in opposition to Defendants' Motion to Dismiss.[29] The answering brief did not address Defendants' *forum non conveniens* argument or Rule 12(b)(3).[30]

L. On February 26, 2026, Defendants filed their reply brief in further support of their Motion to Dismiss.[31] The reply brief pointed out that Plaintiff did "not respond to Defendant's motion to dismiss for *forum non conveniens* under Rule 12(b)(3)" and, accordingly, requested that the Court "treat that portion of the motion to dismiss as unopposed" and "dismiss this action pursuant to . . . Rule 12(b)(3)."[32]

M. On March 4, 2026, Defendants' counsel emailed the Court, with Plaintiffs' counsel copied, stating that the parties had conferred, and no party was requesting oral argument on Defendants' Motion to Dismiss.[33] On March 18, 2026, the Court issued a docket notice confirming the March 4 communication from

---

and that, even if he had timely appealed, he waived any challenge to personal jurisdiction by "repeatedly fil[ing] pleadings that constituted general appearances" in the trial court. *See id.* at *3-5. The court also reviewed Wilcoxon's contention that "the trial court abused its discretion by appointing a receiver without sufficient proof that the property was owned by him." *See id.* at *5. It declined to reverse the trial court's order that shares of NEXT-ChemX Nevada be turned over, because the receivership order did "not reference the specific shares," and that was "the only order Wilcoxon timely appealed from." *See id.*

[29] *See* D.I. 16.

[30] *See generally id.*

[31] *See* D.I. 19.

[32] *See id.* at 1, 3.

[33] *See* D.I. 20.

7

counsel and stating that the Court deemed the Motion to Dismiss submitted for decision on the papers.

**NOW, THEREFORE**, having considered the parties' briefing and decision to forgo oral argument, **IT IS HEREBY ORDERED**, on this 18th day of June 2026, as follows:

1. Defendants' Motion to Dismiss under Rule 12(b)(3) is **GRANTED**. Defendants' opening brief argued for dismissal on *forum non conveniens* grounds.[34] Plaintiff failed to respond to that argument in its answering brief.[35] After Defendants' reply pointed out Plaintiff's failure to respond, Plaintiff declined to request oral argument. Accordingly, Plaintiff has waived argument on *forum non conveniens*,[36] and the Court on that basis **DISMISSES** this action **WITHOUT PREJUDICE**.

---

[34] *See* D.I. 9 at 19-21.

[35] *See generally* D.I. 16.

[36] *See, e.g.*, *Ultragenyx Pharm., Inc. v. Catalent Md., Inc.*, 2025 WL 4667818, at *9 (Del. Super. Dec. 16, 2025) ("[Plaintiff] failed to respond to this argument in its Answering Brief and thus any opposition is waived." (citation omitted)); *Ligos v. Tsuff*, 2022 WL 17347542, at *10 n.131 (Del. Ch. Nov. 30, 2022) ("Plaintiff failed to respond to . . . Defendants' briefing on this issue and has thus waived the argument." (citation omitted)); *VTB Bank v. Navitron Projects Corp.*, 2014 WL 1691250, at *4 (Del. Ch. Apr. 28, 2014) (holding plaintiff waived personal jurisdiction issue "[b]y not briefing or arguing the [issue's] merits"); *see also* *Emerald P'rs v. Berlin*, 726 A.2d 1215, 1224 (Del. 1999) ("Issues not briefed are deemed waived." (citations omitted)).

2.      In addition to dismissal, Defendants seek an award of fees and note that Plaintiff failed to address that issue in briefing as well.[37]  Defendants' request for fee shifting is **DENIED**.  Our Supreme Court has cautioned that a court should not, after dismissing an action on *forum non conveniens* grounds, proceed to also adjudicate the case on its merits.[38]  Under the circumstances of this case, that principle applies by analogy to Defendants' request for fees.  Having granted Defendants' motion under Rule 12(b)(3), the Court has declined to hear this dispute on its merits.  The Court will not also order Plaintiff to pay fees at this time.  This order is without prejudice to Defendants' ability to seek fees in any future proceedings, should the circumstances so warrant.[39]

*/s/ Patricia A. Winston*
**Patricia A. Winston, Judge**

---

[37] *See* D.I. 9 at 21-24; D.I. 19 at 3-4.

[38] *See Snap! Mobile, Inc. v. Schoolfundr, Inc.*, 352 A.3d 228, 2026 WL 36095, at *1 (Del. 2026) (TABLE) ("Once a court determines that an action should be dismissed on *forum non conveniens* grounds, it determines that the case should proceed, if at all, elsewhere, and the court should refrain from adjudicating the sufficiency of the pleadings on the merits." (citation omitted)).

[39] Nothing in this order should be read as a determination regarding whether Plaintiff is a corporation in good standing that can bring suit, which the parties dispute.  *See* D.I. 9 at 10-11; D.I. 16 at 5-6; D.I. 19 at 2, 4-5 & n.3.